FILED
2012 JUN 19 P 3: 24
RICHARD W. WIEKING
CLERK, U.S. DIST. COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2  Abraham J. Colman (SBN) 146933)
   Email: acolman@reedsmith.com
3  Raagini Shah (SBN 268022)
   Email: rshah@reedsmith.com
4  355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
5  Telephone:  +1 213 457 8000
   Facsimile:   +1 213 457 8080

6  Attorneys for Defendant Bank of
   America N.A.

7
                            **E-filing**                    KAW
8
9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  SUSAN HANKS,                    Case No:  **CV 12  3170**

13                Plaintiff,        [Removal from Superior Court of
                                    California, County of Sonoma. Case No.
14       vs.                        SCV-251713]

15  BANK OF AMERICA N.A.,           **NOTICE OF REMOVAL OF CIVIL
                                    ACTION UNDER 28 U.S.C. § 1441(b)**
16                Defendant.        **AND (c)**

17                                  **[FEDERAL QUESTION]**

18
                                    Complaint Filed: May 21, 2012
19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BANK OF AMERICA N.A. hereby removes this action described below from the Superior Court of California for Sonoma County to the United States District Court for the Northern District of California, pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the United States Code ("U.S.C."). The removal is based on the following:

I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1.   On May 21, 2012, Plaintiff Susan Hanks ("Plaintiff") filed a complaint ("Complaint") against Bank of America N.A. in the Superior Court of the State of California for the County of Sonoma, entitled <u>Susan Hanks v. Bank of America N.A.</u>, Case No. SCV-251713 (hereinafter, the "State Court Action"). The Complaint alleges (1) Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681 *et seq*; (2) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692 *et seq.;* (3) Violation of the Fair Credit Billing Act ("FCBA") 15 U.S.C. Section 1601; and (4) Violation of the California Rosenthal Act, California Civil Code Section 1788 *et seq.* The Complaint, Summons, and Proof of Services of Summons are attached hereto as **Exhibit A**, as required by 28 U.S.C. §1446(a).

2.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action arising under the laws of the United States, specifically the FCRA, the FDCPA, and the FCBA.

3.   This Court also has supplemental jurisdiction over Plaintiff's state claim as this claim arises from the same core operative facts relating to Bank of America N.A.'s alleged violations of the FCRA, FDCPA, and FCBA. Accordingly, Plaintiff's state law claim is related to Plaintiff's federal question claims, and thereby forms a

1  part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

2  II.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3       4.       The proof of service of Summons indicates that Plaintiff mailed the

4  summons and complaint by first-class mail on May 22, 2012.  Bank of America N.A.

5  first received a copy of the summons and the complaint via facsimile on May 30,

6  2012.

7       5.       This Notice of Removal is timely in that it is filed within thirty (30) days

8  from the point at which Bank of America N.A. had notice that the action was

9  removable, and less than a year after the commencement of the state court action.  See

10  28 U.S.C. § 1446(b).

11       6.       The Superior Court of California for the County of Sonoma is located

12  within the United States District Court for the Northern District of California.  See 28

13  U.S.C. § 84(c)(2).  Thus venue is proper in this Court because it is the "district and

14  division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

15       7.       The only defendant named in the Complaint is Bank of America N.A.

16  Accordingly, all named defendants consent to this removal.

17       8.       In compliance with 28 U.S.C. § 1446(d), Bank of America N.A. will

18  serve on Plaintiff and will file with the Clerk of the Superior Court for the County of

19  Sonoma, a written "Notice to the Clerk of the Superior Court of the County of

20  Sonoma and To Adverse Parties of Filing of Notice of Removal of Civil Action to

21  Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

22       9.       No previous application has been made for the relief requested herein.

23  ///

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-109762451.2-RRSHAH

1

2       WHEREFORE, Bank of America N.A. respectfully removes this action from

3   the California Superior Court for the County of Sonoma to this Court pursuant to 28

4   U.S.C. §§ 1332, 1441 and 1446.

5

6       DATED:  June 19, 2012

7

8

9                               REED SMITH LLP

10                          By _____
                                Abraham J. Colman
11                              Raagini Shah
                                Attorneys for Bank of America N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-109762451.2-RRSHAH

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**COMPLAINT**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Bank of America, N.A., and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Susan Hanks

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED

MAY 2 1 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA 600 Administration Drive | **CASE NUMBER:** *(Número del Caso):* CV 251713 |

Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian A. Barboza (Bar # 257423)    Fax No.:(707) 542-3655

LAW OFFICES OF BRIAN A. BARBOZA, 1260 N. Dutton Ave #135, Santa Rosa, CA 95401    Phone No.:(707) 527-8553

| DATE: *(Fecha):* MAY 2 1 2012 | JOSE O. GUILLEN Clerk, by *(Secretario)* LUPE REAS | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Brian A. Barboza (State Bar No. 257423
Law Offices of Brian A. Barboza
1260 N. Dutton Ave #135
Santa Rosa, CA 95401
707-527-8553 ph
707-542-5655 fax

Thomas F. Jeffrey SBN 110974
LAW OFFICE OF THOMAS F. JEFFREY
1400 N. Dutton Avenue, Suite 2
Santa Rosa, CA 95401-4643

Telephone: (707) 543-8550

Facsimile: (707) 543-8549

Attorneys for Plaintiff

ENDORSED
FILED

MAY 2 1 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| SUSAN HANKS | Case No.:  254713 |
| Plaintiff. | **COMPLAINT** |
| v. | |
| BANK OF AMERICA N.A., And DOES 1 - 50, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the plaintiff for Defendants improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Fair Credit Reporting Act, (15 U.S.C. Section 1601), the Fair Debt Collection Practices Act (15

COMPLAINT-1

U.S.C. Section 1692), and the California Rosenthal Act (
California Civil Code Section 1788)

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT
(Against All Defendants)

2. Plaintiff is and was at all times mentioned herein a citizen of the State of California.

3. Bank of America is a corporation incorporated under the laws of the State of North Carolina having its principal place of business in the State of North Carolina.

4. Plaintiff Alleges Defendant Bank of America transacts business within the state of California and has significant and substantial contacts with the State of California.

5. Venue is proper pursuant to 28 U.S.C. §1391(b), 15 U.S.C. §1692, 15 U.S.C. §1640, California Code of Civil Procedure section 395(b).

6. Plaintiff is ignorant of the true names and capacities of defendants, sued herein, as DOES 1-50, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner

for the occurrences alleged herein, and that Plaintiff's
damages were proximately caused by their conduct.

7. Plaintiff is informed and believes and thereon alleges
that each of the defendants was the agent, servant or
employee of each of their codefendants and in doing the
things hereinafter alleged was acting within the course
and scope of such agency and with the permission, consent
and ratification of their codefendants

8. On 04/22/2010, the Plaintiff sought protection from her
creditors by filing a voluntary Chapter 7 bankruptcy
petition in the United States Bankruptcy Court for the
Northern District of California, Case number 10-11459
(hereafter referred to as "Plaintiff's Bankruptcy").

9. On 04/25/2010 Defendants were listed in Plaintiffs
Bankruptcy and served with notice of Plaintiffs Chapter 7
Bankruptcy case.

10.    The $341(a) meeting of creditors was held in Santa
Rosa, California on 06/03/2010.

11.    In the Schedules filed with the petition in the
bankruptcy case and on the master mailing matrix filed
with the Clerk of this Court, unsecured debts owed to
Defendant were listed on Schedule F in favor of Creditor .
(hereinafter "Debt").

12.    On 08/03/2010, Plaintiff was granted a discharge of
all dischargeable debts pursuant to 11 U.S.C. §524.   The
Plaintiff alleges that this Discharge included the debt to
Creditor.

13.   On 09/13/2011, Plaintiff pulled her credit report in order to verify accurate reporting. The report dated 04/08/2011, reflected the Defendant/Creditor accounts reporting several late payments and a "Charge Off" after the bankruptcy petition was filed and the bankruptcy case was open.

14.   In response, Plaintiff sent to the three major credit bureaus via certified mail letters disputing the inaccurate reporting and requested the inaccuracies be fixed immediately.

15.   On 10/07/2011, Plaintiff received Experian's report stating that Creditor verified as accurate it's reporting of late payments in April 2010, May 2010, June 2010, and July 2010. Also, Creditor verified as accurate a charge off of the debt occurred in July 2010.  In addition, Defendant listed said debt as being charged off on plaintiff's credit report, post-bankruptcy petition, on July 2010.

16.   To date, despite being noticed of the original bankruptcy, the bankruptcy discharge order, and Plaintiff re-noticing Defendants by disputing the inaccurate reporting, Defendants have willfully failed to take any action whatsoever to correct Plaintiff's credit report.

17.   The Plaintiff avers that at all times relevant to the allegations herein:

a. The Defendants knew and in fact had actual knowledge that the plaintiff was previously involved in bankruptcy and were therefore protected from any direct or indirect

collection acts whatsoever by virtue of the Bankruptcy Automatic Stay, Discharge Injunction provided for by Section 524 of Title 11 of the United States Code, which relates back to the petition date, and notwithstanding such knowledge willfully failed to withdraw their erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 U.S.C. §1681s);

B. The Defendant at all times relevant to the allegations in this complaint knew that Plaintiff was represented by an attorney in connection with the bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as the term is defined by applicable Federal and State statutes;

C. The Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiffs in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act, in violation of applicable provisions of the California Civil Code commonly known as the Rosenthal Act, in violation of Section 1692 of Title 15 of the United States Code, commonly known as the Fair Debt Collections Practices Act.

18.    The Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the

1   award of substantial and significant punitive damages in

2   this case.

3   19.    The Plaintiff is informed and believes and therefore

4   alleges that as a result of these allegations she is

5   entitled to the recovery of actual damages, including

6   emotional distress, punitive damages, statutory damages,

7   legal fees and expenses.

8   20.    The Plaintiff alleges that she has engaged in

9   numerous meetings with her attorney and members of his

10  staff and agents about this matter.

11  21.    The plaintiff is informed and believes and therefore

12  alleges that the Defendants had an affirmative duty under

13  Nelson v Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th

14  Cir. 2002) to conduct a proper reinvestigation and to

15  correct all erroneous consumer credit information after

16  receiving notice of the order of discharge entered on

17  08/03/2010.   The plaintiffs allege that the Defendants

18  willfully, intentionally and without any just cause failed

19  to comply with this duty. The Plaintiffs allege that a

20  formal dispute was sent to Credit Reporting Agency

21  Experian by certified mail on 09/23/2011, and also the

22  receipt of the Order of Discharge constituted the receipt

23  of a dispute in regards to the completeness and accuracy

24  of the pre-bankruptcy and post bankruptcy information in

25  their consumer credit reports as provided for by Section

26  1601i(a)(2) of Title 15 of the United States Code.

27  22.    The Plaintiff alleges that the issuance of the

28  Bankruptcy Discharge Order by the Bankruptcy Court and the

COMPLAINT-6

receipt of the same by Equifax, Experian, and Transunion and the Defendants, constituted the initiation of a dispute pursuant to Section 1681i of Title 15 of the United States Code.

23.   The plaintiff avers that as a result of the unlawful actions of the Defendants as alleged herein that he has been required to devote countless and unnecessary hours to seek to correct the erroneous information on his credit report.

24.   The Plaintiff further alleges that upon receipt of the Discharge Order in the aforementioned bankruptcy case the Defendants were under a statutory duty to correct and update previously reported information determined to be incomplete or inaccurate, and to report as disputed any information known to be disputed by the Plaintiffs.

25.   The Plaintiff further alleges that upon receipt of the formal dispute letter and receipt of the discharge order constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts with reported late payments after the 04/22/2010 bankruptcy petition date should have been removed from the Plaintiffs credit report.

26.   Plaintiff also avers that he has constantly worried about this situation and have feared that the Defendants had some improper motive for the improper credit reporting.

27.   Plaintiff alleges that as a result of the willful and intentional violations of this statute they are entitled

COMPLAINT-7

1   to the recovery of actual damages, statutory damages,
2   costs and legal fees.

### SECOND CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
Against All DOE Defendants

5   28.    The allegations in paragraphs 1 through 28 of this
6   complaint are re-alleged and incorporated herein by this
7   reference.

8   29.    The actions and conduct of the defendants in this
9   case constitute unfair and deceptive practices in
10  violation of the provision of the Fair Debt Collection

11  Practices Act.

12  30.    The Plaintiff specifically allege that the unfair
13  acts and practices of the Defendants arose out of their
14  willful failure to amend, modify and correct the erroneous
15  reporting of credit information months after entry of the
16  Order of Discharge and out of their breach of the
17  affirmative duty to not report post- petition late
18  payments and remove improperly reported late payments from
19  the credit reports.

20  31.    The Plaintiff also alleges that by reporting post
21  bankruptcy petition late payments on the credit report
22  Defendants violated Section 1692e(8) of the Fair Debt
23  Collection Practices Act by transmitting false information
24  about the status of the debt.

25  32.    The Plaintiffs also allege that in communicating the
26  false information to the consumer credit bureaus as
27  alleged herein the Defendants failed to indicate that the

28

1  debt was disputed in violation of 1692e(8) of the Fair

2  Debt Collection Practices Act.

3  33.    The Plaintiff alleges that the actions of the

4  Defendant was intentional and designed to coerce the

5  Plaintiff into paying a debt that had been discharged in

6  bankruptcy in order to "clear" the negative information

7  from their credit history.

8  34.    As a result of the unfair acts and deceptive

9  practices of the Defendants, the Plaintiff is entitled to

10  the recovery of actual damages, statutory damages, legal

11  fees and expenses.

12  **THIRD CAUSE OF ACTION**
   **VIOLATION OF FAIR CREDIT BILLING ACT**

13  Against All Defendants

14  35.    The allegations in paragraph 1 through 35 of this

15  complaint are re-alleged and incorporated herein by this

16  reference.

17  36.    As a result of the allegations herein the Defendant

18  has failed to comply with the applicable provisions of the

19  Fair Credit Billing Act.

20  37.    The Defendant has failed to institute any reasonable

21  investigation about the disputed information on the

22  consumer credit report of the Plaintiff and have

23  improperly and unlawfully failed to correct such erroneous

24  information.

25  **FOURTH CAUSE OF ACTION**
   **CALIFORNIA ROSENTHAL ACT**

26  Against All Defendants

27

28

COMPLAINT-9

38. The allegations in paragraphs 1 through 38 of this complaint are re-alleged and incorporated herein by this reference.

39. Defendant breached its statutory duty under Section 1788 of the California Civil Code by reporting false information about the status of the debt to a third party, the credit reporting agencies.

40. The Plaintiff alleges that the actions of the Defendant was intentional and designed to coerce the Plaintiff into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from their credit history.

41. As a result of the false information reported to the credit reporting agencies, the unfair acts and deceptive practices of the Defendants, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

WHEREFORE, the Plaintiff having set forth his claim for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendants a sum in excess of $50,000.00 in the form of actual damages,

B. That the Plaintiff have and recover against the Defendants a sum in excess of $7,000.00 in the form of statutory damages;

1    C. That the Plaintiff have and recover against the
2       Defendants a sum in excess of $100,000.00 in the form of
3       punitive damages;
4    D. That the Plaintiff have and recover against the
5       Defendants all reasonable legal fees and expenses
6       incurred by his attorney;
7    E. That the Plaintiff have such other and further relief as
8       the Court may deem just and proper.
9
10
    Dated this the 21st day of May, 2012
11
12
13   Brian A. Barboza Esq.
     Law Offices of Brian A Barboza
14   Attorney for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 521-6500
www.sonomasuperiorcourt.com

(FOR COURT USE ONLY)

**ENDORSED
FILED**

MAY 2 1 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Case number:

SCV 251713

**NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,
NOTICE OF CASE MANAGEMENT CONFERENCE,
and ORDER TO SHOW CAUSE**

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. THIS ACTION IS ASSIGNED TO HON. _____ARTHUR A. WICK_____ FOR ALL PURPOSES.
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

| Date: SEP 1 3 2012 | Time: 8:30 a.m. | Courtroom: 19 |
|---|---|---|
| Location: 3055 Cleveland Ave. Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

CV-1 [Rev. Feb 1, 2010] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC CRC, Rules 3.110, 3.720-3.730; CCP§§ 177.5, 583.410

ATTORNEY OR PARTY WITHOUT ATTORNEY:
Brian A. Barboza   (Bar # 257425)

LAW OFFICES OF BRIAN A. BARBOZA
1260 N. Dutton Ave #135
Santa Rosa, CA 95401
TELEPHONE NO: (707) 527-8553   FAX NO: (707) 542-5655

ATTORNEY FOR (NAME): Susan Hanks, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME:

CASE NAME:
Hanks V. Bank of America

**ENDORSED FILED**

MAY 21 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

CASE NUMBER: SCU 251713

JUDGE: ARTHUR A. WICK

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case.

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 21, 2012

Brian A. Barboza
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (non-
      domestic relations)
    Sister State Judgment
    Administrative Agency Award
      (not unpaid taxes)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Notice of Appeal–Labor
Commissioner Appeals

**CIVIL CASE COVER SHEET**

FIA Card Services NA 5/30/2012 1:40:17 PM   PAGE   1/018   888-294-5658



BRIAN T. MOYNIHAN, CEO
BANK OF AMERICA, N.A.
100 N. TRYON STREET
CHARLOTTE, NC 28255

RTE: 10
MSC: NC1-007-18-16
MOYNIHAN, BRIAN

IPAYED

Offices of Thomas F. Jeffry
1400 N. Dutton Avenue
Suite 21
Santa Rosa, CA 95401-4643

FIA Card Services NA 5/30/2012 1:40:17 PM   PAGE   2/018   888-294-5658

Office of the CEO···

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brian A. Barboza     (Bar # 257423)<br>LAW OFFICES OF BRIAN A. BARBOZA<br>1260 N. Dutton Ave #135, Santa Rosa, CA 95401<br>TELEPHONE NO.: (707) 527-8553   FAX NO. (Optional): (707) 542-3655<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Susan Hanks, Plaintiff | FOR COURT USE ONLY<br>MAY 29 2012 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Susan Hanks | CASE NUMBER:<br>SCV251713 |
| DEFENDANT/RESPONDENT: Bank of America, N.A. | |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause

3. a. Party served *(specify name of party as shown on documents served):*

   Bank of America, N.A.

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Brian T. Moynihan, CEO

4. Address where the party was served:   100 N. Tryon Street
   Charlotte, NC 28255

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
   b. [ ] by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

FIA Card Services NA 5/30/2012 1:40:17 PM  PAGE  3/018  888-294-5658

| PLAINTIFF/PETITIONER: Susan Hanks | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A. | SCV251713 |

b.  c.  [X]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* May 22, 2012        (2) from *(city):*  Santa Rosa, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me.  *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [X] to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6.  he "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [X]  On behalf of *(specify):*  Bank of America, N.A.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [X] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
  a.  Name:  Thomas F. Jeffrey
  b.  Address:  1400 N. Dutton Avenue, Suite 21, Santa Rosa, CA 95401
  c.  Telephone number:  (707) 543-8530
  d.  The fee for service was: $ 6.15
  e.  I am:

    (1) [X] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i)  [ ] owner [ ] employee [ ] independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  May 22, 2012

        Thomas F. Jeffrey
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                                        ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this declaration.

On June 19, 2012, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) AND (c)** by having placed true copies thereof in sealed envelopes addressed as follows:

Brian A. Barboza, Esq.                    Attorneys for Plaintiff
1260 N. Dutton Avenue, #135       Susan Hanks
Santa Rosa, CA  95401
Telephone: (707) 527-8553
Facsimile: (707) 542-5655

Thomas F. Jeffrey, Esq.                  Attorneys for Plaintiff
1400 N. Dutton Avenue, #21         Susan Hanks
Santa Rosa, CA  95401-4643
Telephone: (707) 543-8530
Facsimile: (707) 543-8549

I deposited such envelopes with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.

I am employed in the office of a member of the bar at whose direction service was effected.

Executed on June 19, 2012, at Los Angeles, California.

Charles Koster
Type or Print Name